IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JORGE FRANCISCO ROMERO MONTES, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| BRET BRADFORD, IN HIS OFFICIAL | § | |
| CAPACITY AS FIELD OFFICE DIRECTOR | § | |
| OF ENFORCEMENT AND REMOVAL | § | |
| OPERATIONS, HOUSTON FIELD OFFICE, | § | |
| IMMIGRATION AND CUSTOMS | § | |
| NFORCEMENT; MARKWAYNE MULLIN, | § | |
| IN HIS OFFICIAL CAPACITY AS THE | § | CIVIL ACTION NO. 9:26-CV-00281 |
| SECRETARY OF HOMELAND SECURITY; | § | JUDGE MICHAEL J. TRUNCALE |
| TODD BLANCHE, IN HIS OFFICIAL | § | |
| CAPACITY AS THE ACTING UNITED | § | |
| STATES ATTORNEY GENERAL; TODD M. | § | |
| LYONS, IN HIS OFFICIAL CAPACITY AS | § | |
| ACTING DIRECTOR OF U.S. | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT; WARDEN OF IAH | § | |
| SECURE ADULT DETENTION FACILITY, | § | |
| IN HIS OR HER OFFICIAL CAPACITY, | § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jorge Francisco Romero Montes ("Romero Montes")'s Petition

for Writ of Habeas Corpus (the "Second Petition") [Dkt. 1]. For the following reasons, the Petition is

**DENIED**.

**I. BACKGROUND**

Petitioner Jorge Francisco Romero Montes is a Cuban national. [Dkt. 1 at ¶ 1]. Sometime in

November 2025, United States Immigration and Customs Enforcement ("ICE") detained Romero

Montes. *Id.* at ¶ 3.

On December 30, 2025, Romero Montes brought a *pro se* habeas corpus petition (the "First

Petition"), claiming that that his detention violated the Immigration and Naturalization Act (INA)[1] and the Fifth Amendment to the United States Constitution.[2] The Court denied Romero Montes's First Petition on January 5, 2026.[3] Romero Montes then filed his Second Petition through counsel on April 20, 2026. [Dkt. 1]. The Second Petition raises substantially similar arguments as the First Petition. *See id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at \*4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Second or Successive Habeas Petition

Generally, it is an "abuse of the writ" of habeas corpus to file a second habeas petition asserting grounds for relief that could have been raised in the first petition. *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). District courts have "sound discretion" to dismiss second or successive habeas petitions as abuses of the writ. *Id.* Dismissal is improper only when the petitioner demonstrates that some "external impediment" prevented him from raising his arguments in his first petition, and that dismissal

---

[1] 8 U.S.C. § 1101 et seq.

[2] *See* Petition for Writ of Habeas Corpus (filed *pro se*), Romero Montes v. Warden, No. 9:25-cv-361 (E.D. Tex. Dec. 30, 2025), Dkt. No. 1. While the dates in question are different, the exhibits in that case list the same detainee file number. *See id.*

[3] *See* Order Denying *Pro Se* Petition for Writ of Habeas Corpus, Romero Montes v. Warden, No. 9:25-cv-361 (E.D. Tex. Jan. 5, 2026), Dkt. No. 2.

would prejudice him. *See id.*

Here, Romero Montes's Second Petition essentially re-states all of the arguments contained in his First Petition.[4] Accordingly, Romero Montes's Second Petition is an abuse of the writ of habeas corpus. *See McGary*, 27 F.3d at 183.

### IV. CONCLUSION

It is therefore **ORDERED** that Romero Montes's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 7th day of May, 2026.**

Michael J. Truncale
United States District Judge

---

[4] *Compare* [Dkt. 1] *with* Petition for Writ of Habeas Corpus (filed *pro se*), Romero Montes v. Warden, No. 9:25-cv-361 (E.D. Tex. Dec. 30, 2025), Dkt. No. 1.